Lawrence, J.
This is a most singular case, and is a fitting illustration of the fact that truth is stranger than fiction.
On the papers before me I have no room for doubting that the deceased Hector Carlos was Charles Haase, the husband of the relator, wjio abandoned her in 1862, in the city of Paris, and went to London, where, in 1865, under the name of Fouger, he married another person, whom he in turn abandoned during the same year. Shortly afterwards he came to this city and assumed the name of Hector Carlos, Baron de Manicy, which he afterwards changed to Hector Carlos. Under the latter name he passed until his death, at the Herman' Hospital, on March 12,1880, and his death is recorded on the books of the hospital and in the registry of the board of health under the name of Hector Carlos. It appears by the certificate of the French consul-general that the official certificate of the registry of deaths is necessary to prove the decease of a person dying in a foreign country. In this case the wife of the deceased cannot obtain the legacy to which she is entitled from a relative in France until she produces a transcript of the official record of the death of her husband. Under *336 these circumstances, I think that the writ of mandamus which is applied for should be granted.
On the affidavits it is placed beyond controversy that the relator is the widow of the deceased. As the record stands she cannot make proof of that fact. It should not be tolerated that after death the wrong which the deceased inflicted upon his wife during life should be continued.
The motion is therefore granted.